# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

JON E. QUICK,                                    Civil No. 05-859 (JRT/JJG)

                              Petitioner,

v.                                                    **ORDER**

LYNN DINGLE, Warden,

                              Respondent.

---

Jon E. Quick, #207845, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003, petitioner *pro se*.

Kimberly R. Parker, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, Suite 1800, 445 Minnesota Street, St Paul, MN 55101, for respondent.


On May 2, 2005, Jon E. Quick filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The case was ultimately referred to United States Magistrate Judge Jeanne J. Graham for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and D. Minn. LR 72.2(b).  In the Report and Recommendation dated January 6, 2006, the Magistrate Judge recommended that the petition be denied.  Petitioner objected to the Report and Recommendation on January 30, 2006.[1]  The Court conducted a de novo

---

[1] Petitioner has moved to extend the deadline for objections to the Report and Recommendation.  The Court grants the motion to extend the deadline and considers the objections timely.  In addition, petitioner filed a motion for change of name on respondent.  The Court grants this motion and substitutes Lynn Dingle for Dan Ferrise as the named respondent in this action.

review of petitioner's objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court overrules petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

After a jury trial in Minnesota state court in October 2001, petitioner was found guilty of first degree murder for killing Justin Mueller, the boyfriend of petitioner's estranged wife, Diane Quick.[2] Quick was sentenced to life imprisonment. Petitioner never denied that he killed Mueller, but he has consistently claimed that he did not act with premeditated intent and that he is guilty of no more than manslaughter.

Petitioner directly appealed the conviction to the Minnesota Supreme Court. His appellate counsel raised two claims, and petitioner raised several additional claims in a separate *pro se* brief. The Minnesota Supreme Court considered and rejected all the claims, and the first degree murder conviction was affirmed. *State v. Quick*, 659 N.W.2d 701 (Minn. 2003). In early 2004, petitioner moved for post-conviction relief, raising three new challenges to his conviction. The trial court summarily denied his post-conviction motion, finding that all of petitioner's claims were raised or could have been raised on direct appeal. The Minnesota Supreme Court later affirmed the trial court's ruling, agreeing that all of petitioner's post-conviction claims were procedurally barred. *Quick v. State*, 692 N.W.2d 438 (Minn. 2005).

---

[2] Additional facts underlying petitioner's conviction can be found in the Minnesota Supreme Court's decision on petitioner's direct appeal. *State v. Quick*, 659 N.W.2d 701, 701-09 (Minn. 2003).

In his petition for a writ of habeas corpus, petitioner alleges ten grounds for relief. All of these claims were previously presented to the Minnesota Supreme Court, either in petitioner's direct appeal, or his subsequent appeal in the post-conviction proceedings. Petitioner's claims include 1) insufficient evidence to prove petitioner did not act in the heat of passion; 2) improper seizure of evidence; 3) wife of petitioner improperly allowed to testify at trial; 4) recent medical evidence; 5) ineffective assistance of counsel; 6) evidence of parenting class; 7) prosecutorial misconduct; 8) court created prejudicial bias; 9) preclusion of testimony of three defense witnesses; and 10) new evidence pertaining to abusive religious movement in which petitioner was raised.

In the Report and Recommendation, the Magistrate Judge concluded that petitioner's habeas corpus petition should be denied.  Specifically, the Magistrate Judge found that grounds four, six, eight, and ten were procedurally defaulted, and that petitioner did not show cause and prejudice to excuse his procedural default. The Magistrate Judge found that ground two could not be entertained in a habeas proceeding because petitioner received a full and fair opportunity to present these Fourth Amendment arguments in the Minnesota state courts.  The Magistrate Judge found that ground three could not be entertained in a habeas proceeding because there is no federal constitutional right to bar a defendant's spouse from testifying at trial.  The Magistrate Judge found that petitioner was not entitled to a writ of habeas corpus on the remaining grounds because there was no evidence that the Minnesota Supreme Court's application of federal law was unreasonable.

Petitioner filed an objection to the Report and Recommendation, which focused on grounds nine and ten of his petition.  Specifically, petitioner argues that he is entitled to a

new trial to allow testimony from three excluded witnesses on his state of mind and

testimony on his abusive religious background.

## ANALYSIS

### I.      Three Excluded Defense Witnesses

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

circumscribes a federal court's review of a state court decision.  *Lockyer v. Andrade*, 538

U.S. 63, 70 (2003).  AEDPA provides, in relevant part, that this Court may grant habeas

corpus relief to a state prisoner on an issue that was adjudicated on the merits in state

court only if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  It is well established that the Fourteenth Amendment, along with

the Sixth Amendment, guarantee criminal defendants the opportunity to present a

complete defense, including the right to present relevant testimony.  *Boysiewick v.

Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Crane v. Kentucky*, 476 U.S. 683

(1986)).

Petitioner argues that the trial court erred by excluding three defense witnesses.

The excluded witnesses were professionals that met with petitioner in the last three

months prior to his arrest, including two marriage counselors and his lawyer.  These

witnesses would have testified about petitioner's state of mind in the weeks before the

murder.  Specifically, the witnesses were going to testify as to Quick's "reluctant

- 4 -

acceptance" of the divorce. *See State v. Quick*, 659 N.W.2d 701, 721 (Minn. 2003). Nevertheless, the trial court excluded these witnesses as irrelevant, without discussion or further explanation.

The Court concludes that the trial court erred in excluding testimony of these witnesses. These were the only third-party witnesses offered by the defense, and the testimony was relevant to petitioner's state of mind. Furthermore, the exclusion of the third-party witnesses puts undue pressure on the Fifth Amendment rights of the defendant. *See id.* at 722 (Hanson, J., dissenting in part).

While the Court is troubled by this error, the exclusion of these witnesses cannot be grounds for granting habeas relief.

> The inquiry is not whether the trial court erred . . ., but whether the [error] resulted in a trial so fundamentally unfair as to deny [petitioner] due process of law. In making this determination we must review the totality of the facts in the case and analyze the fairness of the particular trial under consideration. To justify the grant of habeas corpus, the error must be so gross . . . conspicuously prejudicial . . . or otherwise of such magnitude that it fatally infected the trial and failed to afford [petitioner] the fundamental fairness which is the essence of due process.

*Rainer v. Dept. of Corrs.*, 914 F.2d 1067, 1072 (8th Cir. 1990) (internal quotations and citations omitted). The Magistrate Judge concluded, and this Court agrees, that it is unlikely that the outcome of petitioner's trial would have been different if such testimony had been admitted.

There was an abundance of evidence that Quick acted with premeditation on the night of the murder. Quick admitted that he strongly suspected that Mueller and his wife were having an affair. *Quick*, 659 N.W.2d at 716. He knew that Mueller was at his wife's home earlier and that Mueller was not home when he tried to call him on the night

of the murder. *Id.* Quick drove 15 miles to his wife's home late at night with a loaded rifle in his car. *Id.* at 711. When he arrived, he saw Mueller's car in his wife's driveway. *Id.* at 716. He drove around the house twice waiting for a neighbor to go inside so no one would know that he was there. *Id.* He entered the house carrying a loaded rifle and took off his shoes so he would not be heard. *Id.* Quick stood above Mueller and fired the rifle at him five times. *Id.* at 709.

Based on this evidence, the only conclusion is that Quick knew what he was going to find when he entered his wife's bedroom that night. Quick had numerous opportunities to turn around and leave the house, but he chose not to do so. These conclusions could not be overcome by the testimony of the excluded witnesses. As such, habeas relief cannot be granted on this ground because the Minnesota Supreme Court's resolution of this issue is not contrary to clearly established federal law.

## II.      Impact of Abusive Religious Background

The Magistrate Judge determined that petitioner's claim pertaining to his abusive religious background was procedurally defaulted. Petitioner failed to raise this claim on direct appeal and therefore the Minnesota Supreme Court failed to address this issue on the merits in his post-conviction appeal.

A procedural default occurs where (1) a state court has expressly declined to address a particular claim on the merits because the claim was not raised in accordance with applicable state procedural rules or (2) a prisoner has not exhausted his state court remedies with respect to some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim. *Coleman v.*

*Thompson*, 501 U.S. 722 (1991); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims).

Minnesota law provides that once a prisoner has completed his direct appeal, he is precluded from litigating any other claims that could have been raised on appeal, but were not. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (citing *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976); *Roby v. State*, 531 N.W.2d 482, 484 (Minn. 1995)). Thus, this Court may not reexamine the Minnesota Supreme Court's adequate and independent state law determination that petitioner's claim pertaining to his abusive religious background was procedurally defaulted under Minnesota law. *Clemons v. Luebbers*, 381 F.3d 744, 751 (8th Cir. 2004) (federal district court erred in concluding that state court improperly applied state rule requiring timely preservation of issues for appeal).

A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default. *Coleman*, 501 U.S. at 750. To satisfy the "cause" requirement, a prisoner must show that some external impediment prevented him from presenting his claims to the state's highest court in a timely and procedurally proper manner. *Id.* at 753. Where the prisoner fails to establish "cause," the Court need not address whether "prejudice" exists. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998).

The Magistrate Judge found that petitioner did not show cause to excuse his procedural default. Specifically, the Magistrate Judge concluded that petitioner has not

shown that the prosecution, or any other external factor, prevented him from raising this issue on his direct appeal.

Petitioner urges the Court to recognize that he was not aware of the impact of his abusive religious background until July 2003, which was after his direct appeal was decided. Petitioner explains that at the time of his trial he knew that his parents were strict adherents to a conservative Christian faith and that they were abusive at times. However, he explains that he was the subject of mind control that prevented him from understanding the full impact that his abusive religious upbringing had on his life. He further explains that the "sanctuary of prison walls" allowed him to eventually become aware of the "horrifying and compelling fact of his psychological and spiritually abusive upbringing." The essence of his argument is that mind control is an external impediment that justified his failure to raise this claim on his direct appeal.

Some examples of factors external to the defense that prevent a petitioner from developing the factual or legal basis of a claim are interference by the state, ineffective assistance of counsel, conflicts of interest, and legal novelty. *Mathenia v. Delo*, 99 F.3d 1476, 1480-1481 (8th Cir. 1996). Mind control is not recognized as an external impediment sufficient to excuse procedural default.[3] Furthermore, the Court concludes that petitioner would be unlikely to establish prejudice even if he could establish cause. Petitioner does not adequately explain how testimony about his abusive religious

---

[3] The closest analogy is mental illness. For mental illness to excuse procedural default, the petitioner must make a conclusive showing that he was incompetent at the time of the post-conviction proceedings. *Ervin v. Delo*, 194 F.3d 908, 915-16 (8th Cir. 1999) (holding no cause to excuse procedural default even though petitioner's thought processes were impaired and he exhibited signs of major depressive disorder). Petitioner has not shown that his thought processes were sufficiently impaired to excuse the procedural default.

background could have affected the jury's determination that the murder was premeditated.

## III.    Certificate of Appealability

Finally, the Court must address Brown's motion for a certificate of appealability. The Court may grant a Certificate of Appealability only where petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).  For purposes of appeal under 28 U.S.C. § 2253, the Court finds that it is unlikely that some other court would decide the issues raised in this petition differently.  Therefore, the Court concludes that petitioner has failed to make the required substantial showing of a denial of a constitutional right, and the Court therefore declines to grant petitioner a Certificate of Appealability.

## ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 15] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 13]. **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion For Change Of Name On Respondent [Docket No. 12] is **GRANTED.**  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the

Clerk shall substitute Warden Lynn Dingle for Warden Dan Ferrise as the named respondent in this action;

2.   Petitioner's Motion for Extension of Deadline for Objection to Report and Recommendation [Docket No. 14] is **GRANTED**;

3.   Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1] is **DENIED** and this case is **DISMISSED WITH PREJUDICE**;

4.   For purposes of appeal, the Court does not certify the issues raised in petitioner's motion because petitioner has not made a "substantial showing of the denial of a constitutional right," as is required under the appeal statute for the issuance of a certificate of appealability.

The Clerk of Court is respectfully directed to mail a copy of this Order to the petitioner.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:    March 22, 2006                          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                    United States District Judge